US DISTRICT COURT INDEX SHEET

TKL 7/28/06

3:06-CV-1511 JANOE V. STONE

*1*

*CMP*

Bobby Shawn Janoe
(Name)
P.O.Box 5004
(Address)
Calipatria CA 92233
(City, State, Zip)
J25333
(CDC Inmate No.)

FILED
JUL 26 2006
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

# United States District Court
## Southern District of California

Bobby Shawn Janoe
(Enter full name of plaintiff in this action.)

Plaintiff,

v.

Dee Stone,
Violet Thomas,
G.J.Janda,
M.E.Bourland,
California Department of Corrections and Rehabilitation,

Defendant(s).

'06 CV 1511 JM CAB

Civil Case No. ____________
(To be supplied by Court Clerk)

Complaint under the Civil Rights Act 42 U.S.C. § 1983

**A. Jurisdiction**

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

______________________________________________

**B. Parties**

1. Plaintiff: This complaint alleges that the civil rights of Plaintiff, Bobby Shawn Janoe (print Plaintiff's name) ____________, who presently resides at P.O.Box 5004 (mailing address or place of confinement) Calipatria CA 92233, were violated by the actions of the below named individuals. The actions were directed against Plaintiff at Calipatria State Prison (institution/place where violation occurred) on (dates) 6/23/04 (Count 1), 7/13/04 (Count 2), and 7/20/05 (Count 3).

2. Defendants: (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant Dee Stone (name) resides in N/A (County of residence), and is employed as a Supervisor Academic Instruction (defendant's position/title (if any)) This defendant is sued in his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: As interim Library Technical Assistant on 6/23/04 ~~7/13/04~~ Dee Stone retaliated against me, by ordering me to remove the legal paperwork I had from the Law Library. Also retaliated 7/20/05.

Defendant Violet Thomas (name) resides in N/A (County of residence), and is employed as a Supervisor Education Programs (defendant's position/title (if any)). This defendant is sued in his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: While reviewing Citizens Complaint against Dee Stone pursuant to Penal Code Section 832.5, Thomas concealed evidence and offered false evidence in it's place.

Defendant G.J.Janda (name) resides in N/A (County of residence), and is employed as a Associate Warden Housing C/D (defendant's position/title (if any)). This defendant is sued in his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: While reviewing Citizens Complaint against Dee Stone pursuant to Penal Code Section 832.5, Janda Forced Jeff Schaller to issue a contrived response to that Citizens Complaint on Dee Stone.

Defendant M.E.Bourland (name) resides in N/A (County of residence), and is employed as a Associate Warden Housing A/B (defendant's position/title (if any)). This defendant is sued in his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: While reviewing Citizens Complaint against Dee Stone pursuant to Penal Code Section 832.5, Bourland forced Jeff Schaller to issue a contrived response to that Citizens Complaint on Dee Stone.

Defendant California Department of Corrections and Rehabilitation, at Calipatria State Prison, Calipatria California 92233.

C. **Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: Petitioners First Amendment Right to file prison grievances;Access to the courts,14th Amend. (E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

Petitioner had filed a Inmate Appeal(602) 2/22/04 about the cancellation of access to the Law Library,even though petitioner had a ducat to attend Law Library that day. Dee Stone interviewed petitioner about that 602,trying to convince me to drop the 602. Petitioner tried to explain to Dee Stone all the problems associated with access to the Law Library and the need to correct them. Petitioner had filed a Inmate Appeal(602) 5/5/04 about the missing advance sheets to the different series of books;the missing hardbound volumes in the different series of books. Dee Stone interviewed petitioner about the 602,trying to convince me to drop the 602. Petitioner tried to explain to Dee Stone all the problems caused my the missing material,i.e,not being able to shepherdize case citations that were being cited by the Deputy Attorney General in their responses to my appeals. Dee Stone would act as interim Library Technical Assistant when needed and her management style was despotic. Petitioner was assigned to work in the Law Library ,at that time. Dee Stone began to harass petitioner after I had filed the 602's mentioned above. On the morning of 6/23/04 I arrived at library with some legal documents that belonged to Mr.Martinez T86494. Mr.Martinez had a ducat to come to the law library 6/23/04 at 11:45am. Pursuant to the California Code of Regulations (CCR)Title 15 Section 3163 one inmate may help another inmate with their preparation of legal documents. When I arrived at work that morning with the legal

documents,6/23/04,Dee Stone started to harass me and ordered me to removed the legal documents from the library. Petitioner tried to explain to Dee Stone that I was helping Mr.Martinez with the preparation of his legal documents pursuant to CCR Title 15 Section 3163. Dee Stone would not listen to me and once again ordered me to remove the legal documents from the library. In a effort to not cause a scene,because there were several inmates in the law library at that time,I removed the legal documents from the library. At 11:45 Mr.Martinez came to the law library,but I was not able to help him. Petitioner filed a citizens complaint about Dee Stone's actions on 6/24/04. On 10/4/04 S.Caffarella interviewed petitioner about this citizens complaint against Dee Stone. On 10/15/04 Mr.McMeen Supervisor of Acadenic Instruction issued a response to me. Petitioner never received that response,but instead Violet Thomas Supervisor Education Programs had the 602 and citizens complaint,wherein she used whiteout to whiteout the name,title and date of the response from Mr.McMeen,and issued her own response to the 602 and citizens complaint against Dee Stone, on 11/1/04,claiming Dee Stone did nothing wrong. Violet Thomas offered her response as evidence,in a investigation authorized by Penal Code Section 832.5,in a citizens complaint,as genuine and true,knowing she suppressed the response from Mr.McMeen,in a effort to help Dee Stone not be held accountable for her actions on 6/23/04. Violet Thomas knowingly destroyed the response from Mr.McMeen and/or concealed it,so that the response could not be introduced into the investigation of the citizens complaint. She then knowingly introduced a fraudulent response.

Count 2: The following civil right has been violated: Petitioners First Amendment Right to file prison grievances:Access to the Courts,14th Amend (E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

The second incident of harassment and retaliation by Dee Stone occured 7/13/04 as she acted as interim Library Technical Assistant again. As petitioner arrived at work in the library 7/13/04 petitioner had a small amount of legal paperwork,that did belong to E.McKnight H33938. Mr.McKnight had a ducat to come to the law library that day and I was to help him with the preparation of those legal documents,pursuant to CCR Title 15 Section 3163. As soon as I arrived at work,Dee Stone ordered me to take the legal documents I had out of the library. Once again I tried to explain Mr.McKnight was coming to the library and I was to help him with the preparation of those legal documents. Dee Stone would not accept my explanation and once again ordered me to remove the legal documnets from the library. The Correctional Officer assigned to the library(F.Rivas)did witness this exchange, The actions of Dee Stone on 7/13/04 or 6/23/04 did not advance any legitimate goal or need. For the petitioner to possess the legal documents of these inmates,in order to help them with the preparation of them posed no threat to the safety or security of the institution and it is authorized by CCR Title 15 Section 3163. Dee Stone was intentionally retaliating against me,for not dropping the 602's I filed on 2/22/04 and 5/5/04. Mr.McKnight came to the library on 7/13/04,but I was not able to help him with the preparation of his legal documents. On 7/14/04 petitioner filed another 602 and citizens complaint against Dee Stone for her actions on 7/13/04. Petitioner was interviewed on 10/4/04 by S.Caffarella about the citizens

complaint. This was the second incident of the same kind,by Dee Stone. Clearly Dee Stone was abusing her authority,as petitioner was authorized to possess legal documents of another inmate in a effort to aid that inmate with the preparation of those legal documents,pursuant to CCR Title 15 Section 3163. Both citizens complaints of 6/13/04 and 7/13/04 were denied,as if Dee Stone did nothing wrong.

No one at Calipatria State Prison took any steps to correct the abuse of Dee Stone,as far as I can determine;nor at the directors level of review. Dee Stone was allowed to continue to abuse her authority,"acting","exercising" that power that comes with that position of authority as interim library technical assistant,"under color of state law". Petitioners first amendment right to file prison grievance and the prohibition against retaliatory punishment is clearly established law in the ninth circuit,for qualified immunity purposes. Qualified immunity does not protect the "plainly incompetent".

Count 3: The following civil right has been violated: Petitioners First Amendment Right to file prison grievances;Access to the Courts,14th Amend (E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

The thrid incident of harassment and retaliation by Dee Stone occured 7/20/05. It should be noted my job assignment only allowed me to go to the law library to do research on my appeals one day a week,which would be my regular day off(RDO). So now every time Dee Stone acts as interim library technical Assistant I will not receive a ducat to the law library,e.g,on 5/3/05 and 5/11/05 I did not receive a ducat for access to the law library to do my research,even though that was my only RDO that week. On 7/20/05 I received a ducat to go to work,but it was my RDO,so when I arrived at the library Dee Stone ordered me to leave the library as it was my RDO. That is fine,but I requested of Dee Stone to let me attend a library session at 11:15 or 14:15 as each session had opening,and was not full. Dee Stone refused to to let me attend either session,as she stated I was not ducated. The intent of Dee Stone was then clear to me,she was intent on retaliating against me,because I had filed the two citizens complaints against her on 6/13/04 and 7/13/04. There was no legitimate reason for Dee Stone to not let me attend a library session at 11:15 or 14:15. There was no threat to the safety or security of the institution,by letting me attend a library session on 7/20/05. Both the 11:15 and 14:15 library sessions were conducted as normally done. On 7/20/05 petitioner filed a citizens complaint against Dee Stone for not letting me attend a library session on my RDO. Petitioner was interviewed by Jeff Schaller Academic Vice-Principle about the citizens complaint. Mr.Schaller was troubled by Dee Stone's actions,as it looked like

she was retaliating against petitioner. The interview took place on 9/27/05. Mr.Schaller did note there were openings at the 11:15 and 14:15 library sessions on 7/20/05. On 2/7/06 petitioner spoke to Mr.Schaller in the law library about the citizens complaint on Dee Stone and he informed me that he had issued an answer and had sent the complaint through the correct channels,to Associate Warden C/D facility,G.J.Janda for review. Petitioner sent a request for interview to the appeals coordinator about the citizens complaint on Dee Stone,as it was overdue to me,on 2/8/06. Petitioner sent a request for interview to G.J.Janda on 2/9/06 seeking information on the citizens complaint,as it was overdue to me. Petitioner sent another request for interview to G.J.Janda on 2/16/06 requesting he process the 602 and citizens complaint on Dee Stone as they were overdue to me,pursuant to CCR Title 15 Section 3084.6(3). On 2/17/06 petitioner spoke to Mr.Schaller in the law library about the 602 and citizens complaint on Dee Stone and he stated to me that he had received the 602 and complaint back from G.J.Janda and M.E.Bourland with a note to change his response,as they did not like the response. Mr.Schaller said he felt like he was being pressured to issue a contrived response,by Janda and Bourland. Petitioner spoke to Mr.Schaller on 2/19/06 in the law library about the 602 and citizens complaint on Dee Stone and Mr.Schaller once again voiced his concern to me,that he felt like he was being pressured to issue a contrived response to the 602 and citizens complaint. Petitioner spoke to Mr.Schaller on 3/1/06 in the law library about the 602 and citizens complaint on Dee Stone and he stated to me he had issued a second response to it,but M.E.Bourland had sent that response back to him and ordered

him to issue a contrived response. On 3/8/06 petitioner did receive the 602 and citizens complaint back on Dee Stone. Petitioner sent that 602 and citizen complaint on to the next level for review. On 3/21/06 petitioner spoke to Mr.Schaller in the law library about the 602 and citizen complaint on Dee Stone and he stated to me that he had issued a contrived response to that complaint,because Janda and Bourland kept sending it back to him for re-writes.

Mr.Janda and Mr.Bourland were introducing fraudulent evidence into a official investigation authorized by Penal Code Section 832.5,by forcing Mr.Schaller to issue a contrived response,so that Dee Stone is not held accountable for her misconduct on 7/20/05.

The California Department of Corrections and Rehabilitation prison officials knew about the problems Dee Stone was causing,as was demonstrated by the citizens complaint and 602's petitioner filed,but they failed to act in a reasonable manner. The prison officials were deliberately indifferent to the retaliation Dee Stone was subjecting petitioner too,which was a denial of access to the law library and thus the Courts. The administration at Calipatria State Prison is hostile to prisoners need of access to the law library,despoticly acting"under color of the state law" to exercise their power that comes with their position of authority.

**D. Previous Lawsuits and Administrative Relief**

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☐ Yes ☒ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: ______________________________

Defendants: ______________________________

(b) Name of the court and docket number: ______________________________

______________________________

(c) Disposition: [For example, was the case dismissed, appealed, or still pending?] ______________

______________________________

(d) Issues raised: ______________________________

______________________________

______________________________

______________________________

______________________________

(e) Approximate date case was filed: ______________________________.

(f) Approximate date of disposition: ______________________________.

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☒ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not sought.

Petitioner filed a 602 and citizens complaint,with respect to the actions of Dee Stone,on 6/23/04;7/13/04;and 7/20/05,three separate times and all three 602 and citizens complaint were denied by directors level review,in sacramento.

______________________________

______________________________

______________________________

______________________________

**E. Request for Relief**

Plaintiff requests that this Court grant the following relief:

1. An injunction preventing defendant(s): Dee Stone as acting interim library technical assistant,at Calipatria State prison.

2. Damages in the sum of $ One Hundred thousand Dollars-Each Defendant

3. Punitive damages in the sum of $ One Hundred Thousand Dollars-Each Defendant

4. Other: ______

**F. Demand for Jury Trial**

Plaintiff demands a trial by ☒ Jury ☐ Court. (Choose one.)

**G. Consent to Magistrate Judge Jurisdiction**

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☒ Plaintiff consents to magistrate judge jurisdiction as set forth above.

OR

☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

7/17/06
Date

Billy S. Jarvol
Signature of Plaintiff

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

FILED
JUL 2 6 2006
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

**Bobby Shawn Janoe**

**DEFENDANTS**

'06 CV 1511 JM CAB

Des Stope

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Imperial**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **Imperial**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**Bobby Shawn Janoe**
**J25333**
**P.O. Box 5004**
**Calipatria, CA 92233**

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

**42 U.S.C. 1983**

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

**CONTRACT:** ☐ 110 Insurance; ☐ Marine; ☐ Miller Act; ☐ Negotiable Instrument; ☐ 150 Recovery of Overpayment &Enforcement of Judgment; ☐ 151 Medicare Act; ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans); ☐ 153Recovery of Overpayment of Veterans Benefits; ☐ 160 Stockholders Suits; ☐ Other Contract; ☐ 195 Contract Product Liability

**REAL PROPERTY:** ☐ 210 Land Condemnation; ☐ 220 Foreclosure; ☐ 230 Rent Lease & Ejectmant; ☐ 240 Tort to Land; ☐ 245 Tort Product Liability; ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY:** ☐ 310 Airplane; ☐ 315 Airplane Product Liability; ☐ 320 Assault, Libel & Slander; ☐ 330 Federal Employers' Liability; ☐ 340 Marine; ☐ 345 Marine Product Liability; ☐ 350 Motor Vehicle; ☐ 355 Motor Vehicle Product Liability; ☐ 360 Other Personal Injury

**PERSONAL INJURY:** ☐ 362 Personal Injury- Medical Malpractice; ☐ 365 Personal Injury - Product Liability; ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY:** ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS:** ☐ 441 Voting; ☐ 442 Employment; ☐ 443 Housing/Accommodations; ☐ 444 Welfare; ☐ 440 Other Civil Rights

**PRISONER PETITIONS:** ☐ 510 Motions to Vacate Sentence Habeas Corpus; ☐ 530 General; ☐ 535 Death Penalty; ☐ 540 Mandamus & Other; ☒ 550 Civil Rights

**FORFEITURE/PENALTY:** ☐ 610 Agriculture; ☐ 620 Other Food & Drug; ☐ 625 Drug Related Seizure of Property 21 USC881; ☐ 630 Liquor Laws; ☐ 640 RR & Truck; ☐ 650 Airline Regs; ☐ 660 Occupational Safety/Health; ☐ 690 Other

**LABOR:** ☐ 710Fair Labor Standards Act; 720 Labor/Mgmt. Relations; ☐ 730 Labor/Mgmt. Reporting & Disclosure Act; ☐ 740 Railway Labor Act; ☐ 790 Other Labor Litigation; ☐ 791 Empl. Ret. Inc.; ☐ Security Act

**BANKRUPTCY:** ☐ 422 Appeal 28 USC 158; ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS:** ☐ 820 Copyrights; ☐ 830 Patent; ☐ 840 Trademark

**SOCIAL SECURITY:** ☐ 861 HIA (13958); ☐ 862 Black Lung (923); ☐ 863 DIWC/DIWW (405(g)); ☐ 864 SSID Title XVI; ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS:** ☐ 870 Taxes (U.S. Plaintiff or Defendant); ☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES:** ☐ 400 State Reappointment; ☐ 410 Antitrust; ☐ 430 Banks and Banking; ☐ 450 Commerce/ICC Rates/etc.; ☐ 460 Deportation; ☐ 470 Racketeer Influenced and Corrupt Organizations; ☐ 810 Selective Service; ☐ 850 Securities/Commodities Exchange; ☐ 875 Customer Challenge 12 USC; ☐ 891 Agricultural Acts; ☐ 892 Economic Stabilization Act; ☐ 893 Environmental Matters; ☐ 894 Energy Allocation Act; ☐ 895 Freedom of Information Act; ☐ 900 Appeal of Fee Determination Under Equal Access to Justice; ☐ 950 Constitutionality of State; ☐ 890 Other Statutory Actions

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 **DEMAND $**
Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE Docket Number

DATE 7/26/06 ~~SIGNATURE OF ATTORNEY OF RECORD~~