UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| BOBBY SHAWN JANOE, [CDC # J25333] | | CASE NO. 06 CV 1511 JM (CAB) |
|---|---|---|
| | Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR SERVICE OF COMPLAINT BY UNITED STATES MARSHAL** |
| vs. | | |
| DEE STONE, et al., | | |
| | Defendants. | |

Plaintiff in this § 1983 action is a state prisoner proceeding pro se. In its September 11, 2006 order, the court granted Plaintiff leave to proceed in forma pauperis and directed the United States Marshal to serve the summons and complaint on Defendants pursuant to Federal Rule of Civil Procedure 4(c)(2) and 28 U.S.C. § 1915(d). See Docket No. 3.

In a letter to the court dated December 18, 2006 and filed January 8, 2007, Plaintiff expressed concern that his § 1983 complaint had not yet been served on Defendants. See Docket No. 13. The court construes the letter as a motion for service of the complaint by the United States Marshal.

After reviewing the docket, it appears that the United States Marshal was purportedly unable to effect service on any of the Defendants with the exception of defendant Dee Stone. The stated reason for failure to effect service was that Plaintiff had provided post office box addresses for each of the Defendants and that the "USM doesn't serve process to P.O. Box address." See Docket Nos. 5-9. However, the Marshal was able to effect service with respect to Dee Stone at a post office box address. See Docket No. 10.

///

1   "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S.
2   Marshal for service of the summons and complaint, and having provided the necessary information
3   to help effectuate service, plaintiff should not be penalized by having his or her action dismissed for
4   failure to effectuate service." Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990).  So long as the
5   prisoner has furnished the information necessary to identify the defendant, the marshal's failure to
6   effect service of process is automatically good cause within the meaning of Federal Rule of Civil
7   Procedure 4(m).  See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994).

8   Although Plaintiff is not seeking an extension of time pursuant to Rule 4(m), the principles of
9   Puett and Walker readily apply here.  Plaintiff has provided the Marshal with an address for service
10  on each defendant.  The fact that these addresses are post office boxes is of no moment.  It is the
11  court's understanding that the Marshal routinely effectuates service to defendants' post office boxes.

12  Accordingly, Plaintiff's motion is **GRANTED**.  The court **ORDERS** the Marshal to effectuate
13  service pursuant to the form 285 documents already submitted by Plaintiff.

14  **IT IS SO ORDERED.**

15  DATED: January 16, 2007

16                                                              _____
17                                                              Hon. Jeffrey T. Miller
                                                                United States District Judge

18  cc:     All Parties
            United States Marshal