# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY SHAWN JANOE,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>DEE STONE, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 06 CV 1511 JM (CAB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED** |

Plaintiff, a state prisoner proceeding pro se, filed a lawsuit under 42 U.S.C. § 1983 on July 26, 2006. The court dismissed his initial complaint on November 16, 2007. (Doc. no. 34.) Pursuant to the order of dismissal, the first amended complaint ("FAC") names one defendant: Dee Stone, an employee of the California Department of Corrections and Rehabilitation at Calipatria State Prison ("Calipatria"). Defendant now moves to dismiss Plaintiff's FAC and to strike portions thereof. Plaintiff opposes the motion and Defendant filed a reply to the opposition.

On April 28, 2008, Magistrate Judge Cathy Ann Bencivengo issued a Report and Recommendation ("R&R") recommending that the court grant Defendants' motion in an order taking the following action: (1) granting the motion to dismiss Claims One, Four, and Five with prejudice; (2) denying the motion to dismiss Claims Two and Three; (3) denying the motion to dismiss the FAC due to qualified immunity; (4) denying the motion to strike the request for punitive damages; and (5) dismiss the claim for injunctive relief. (R&R at 11-12.) Both Plaintiff and Defendant filed objections.

For the reasons set forth below, the court hereby **ADOPTS** the R&R **AS MODIFIED** herein.

## I. BACKGROUND

Plaintiff's § 1983 action arises out of events that occurred during his incarceration at Calipatria. He claims to have suffered retaliation following several incidents in which defendant Stone denied him access to Calipatria's law library. Specifically, he alleges the following constitutional claims: (1) Defendant violated his First Amendment rights by retaliating against him for filing administrative complaints against her; and (2) Defendant violated his Fourteenth Amendment rights by denying him access to the courts. Plaintiff seeks compensatory and punitive damages. He also seeks "injunctive relief, including, but not limited to, an order requiring defendant Stone not be able to work as the interim library technical assistant, so as to not be subjected to retaliation instigated and/or ratified by defendant Stone." (FAC at 12.)

The R&R provides a thorough and clear statement of the facts (see R&R at 2-3) and the court hereby incorporates them by reference in this order.

## II. DISCUSSION

### A. Standard of Review

The court reviews a magistrate judge's R&R according to the standards set forth in Federal Rules of Civil Procedure ("FRCP") Rule 72(b) and 28 U.S.C. § 636. The court "shall make a de novo determination of those portions of the report . . . to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 673-74 (1980).

### B. Rule 12(b)(6) Motion to Dismiss

The R&R recommends that the court grant in part and deny in part the motion to dismiss. Specifically, the R&R concludes that (1) Claims One and Four fail to state a First Amendment retaliation claim; (2) Claims Two and Three state a viable retaliation claim; and (3) Claim Five fails to state a Fourteenth Amendment claim for denial of access to the courts.

#### 1. Analysis

Having considered the R&R and the applicable authorities, the court hereby adopts the R&R's analysis and recommendation regarding the 12(b)(6) motion to dismiss, with the following

1  modifications.

2  Plaintiff's fifth claim alleges denial of his Fourteenth Amendment right of access to the courts. The R&R recommends that the court dismiss this claim because "the alleged denial of access to the law library on May 3, 2005, May 11, 2005, and July 20, 2005, did not deprive Plaintiff of his ability to initiate legal action." (R&R at 9.) The court agrees with the R&R's analysis and adopts it in full. Claim Five also fails because Plaintiff does not adequately address at least one of the underlying claims. To allege an actual injury, Plaintiff must "identify a 'nonfrivolous,' 'arguable' underlying claim, . . . whether anticipated or lost[.]" Christopher v. Harbury, 536 U.S. 403, 415 (2002). In the FAC, Plaintiff lists only the case numbers of the two underlying cases, and explains that one of the cases involved a civil complaint filed in El Centro Superior Court "because prison guards confiscated plaintiff[']s trial transcripts and four forensic books and threw them away." (FAC at 3.) These allegations do not give Defendant sufficient notice of at least one of the underlying cases – "Case no. 04-cv-1421" – if not both. See Christopher, 536 U.S. at 415-16. Plaintiff also fails to allege that the underlying claims were nonfrivolous. See id. at 415. Although Plaintiff more fully explains the nature of the actions in his opposition to the motion to dismiss (see Opp'n at 7), Plaintiff cannot use his opposition to cure deficiencies in his pleading. See Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) (in evaluating Rule 12(b)(6) motion to dismiss, court considers "only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice"). The court therefore dismisses Claim Five on this additional basis.

The R&R also recommends that the court dismiss Claims One, Four, and Five with prejudice and without leave to amend. To survive a Rule 12(b)(6) motion to dismiss, a complaint's "factual allegations must be enough to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (U.S. May 21, 2007) (allegations must provide "plausible grounds to infer" that plaintiff is entitled to relief). In light of the factual allegations in the FAC, the court cannot conclude that Plaintiff will not be able to "raise a right to relief above the speculative level." Id. at 1965.[1] The court therefore dismisses Claims One, Four, and Five without prejudice and

---

[1] Even if Bell Atlantic does not articulate the standard by which the court should analyze the viability of a § 1983 claim, the court also finds dismissal with prejudice inappropriate under the Conley standard. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957) ("[A] complaint should not be

with leave to amend. Plaintiff may file an amended complaint within 30 days from the date of this order. Plaintiff may amend only claims One, Four, and Five, and may not add new claims.

### 2. Objections

Plaintiff objects to the R&R's recommendation that the court dismiss Claims One, Four, and Five. He generally does not, however, seek to distinguish the authorities cited in the R&R or otherwise inform the court of a reasoned basis to decline to adopt the R&R. Instead, Plaintiff's opposition largely repeats arguments already raised. To the extent that he repeats his earlier arguments, the court need not review them again. To the extent that he raises new objections, the court rejects them for the following reasons.

First, Plaintiff objects to the R&R's conclusion that, as to Claim Four, Defendant had a legitimate reason to deny Plaintiff access to the library on July 20, 2005 (R&R at 7-8). (Pl.'s Objections at 4-7.) The R&R observes that ducats serve the interests of internal prison security by allowing the regulation of inmates' movements. (R&R at 7.) The R&R further reasons that, in the absence of allegations to the contrary, the court should not presume that Defendant had the authority to "override" Plaintiff's work ducat "and instead allow Plaintiff to have free research time in the library." (R&R at 8.) The court agrees. Plaintiff argues that Defendant lacked a practical reason to prevent him from using the library because such use presented no security concern. (Id.) He also contends that he lacked other means to exercise his right to access the library. (Id.) These arguments generally fail to address the sufficiency of the allegations in Plaintiff's pleading under Rule 12(b)(6). Furthermore, the arguments do not undermine the R&R's well-reasoned conclusion that Defendant's action advanced a legitimate correctional goal. Plaintiff's position implies that prison officials have a legitimate interest in controlling prison security only in the face of a specific concern posed by a specific inmate. The law does not support this conclusion. See, e.g., Overton v. Bazzetta, 539 U.S. 126, 127 (2003) (upholding regulations governing a general category of conduct).

Second, Plaintiff argues that the R&R interprets too narrowly the law regarding denial of access to the courts. (Pl.'s Objections at 8.) The R&R accurately construed and applied Lewis v.

---

dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").

1  Casey, 518 U.S. 343 (1996), and Christopher v. Harbury, 536 U.S. 403 (2002). Consequently, the
2  court rejects Plaintiff's objection.

3      Defendant also objects to some of the R&R's conclusions. Like Plaintiff, Defendant largely
4  repeats arguments already raised. Defendant additionally argues that Claims Two and Three fail
5  because Plaintiff "never alleges that he gave [library-access] request slips directly to Defendant Stone,
6  rather than some other prison official, or that she had personal possession of them." (Def.'s
7  Objections at 2.) In the FAC, Plaintiff alleges that Defendant "was responsible for . . . receiving
8  request slips from prisoners" (FAC at 2), and that Plaintiff "turned in" request slips for library access
9  during the weeks of May 3, 2005, and May 11, 2005. For Rule 12(b)(6) purposes, the court finds that
10 these allegations sufficiently connect Defendant to the request slips. The court therefore rejects this
11 objection and the related objections to the punitive damages and qualified immunity conclusions.

12     **C.**    **Motion to Strike**

13     Having considered the R&R and the applicable authorities, the court hereby adopts the R&R's
14 analysis and recommendation regarding the motion to strike Plaintiff's punitive damages request.

15 **III.**    **CONCLUSION**

16     Based on the foregoing, the court hereby adopt the R&R's analysis and recommendations as
17 modified herein. In sum, the court orders:

18     1.    Defendant's motion to dismiss the FAC as to Claims One, Four, and Five is
19         **GRANTED**, **WITHOUT PREJUDICE** and **WITH** leave to amend. Plaintiff may
20         filed an amended complaint within 30 days from the date of this order. Plaintiff may
21         amend only Claims One, Four, and Five, and may not add new claims.

22     2.    Defendant's motion to dismiss Claims Two and Three is **DENIED**.
23     3.    Defendant's motion to dismiss the FAC due to qualified immunity is **DENIED**.
24     4.    Defendant's motion to strike the punitive damages request is **DENIED**.

25 //
26 //

27     5.    The claim for injunctive relief is again dismissed **WITH PREJUDICE** insofar as
28         Plaintiff seeks to prevent Stone from acting as interim library technical assistant at

Calipatria, but **WITHOUT PREJUDICE** to the filing of an amended complaint seeking other available injunctive relief against Stone.

**IT IS SO ORDERED.**

DATED: August 19, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties