UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY SHAWN JANOE,<br><br>                              Plaintiff,<br><br>   vs.<br><br>DEE STONE, et al.,<br><br>                              Defendants. | CASE NO. 06 CV 1511 JM (CAB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED**<br><br>Doc. Nos. 60 and 65 |

Plaintiff, a state prisoner proceeding pro se, filed a lawsuit under 42 U.S.C. § 1983 on July 26, 2006. The court granted in part and denied in part Defendant's motion to dismiss the First Amended Complaint on August 19, 2008. (Doc. No. 58.) Pursuant to the order of dismissal, Plaintiff submitted a Second Amended Complaint ("SAC," Doc. No. 59). Remaining defendant Stone now moves to dismiss Plaintiff's SAC. ("Motion," Doc. No. 60.) Plaintiff opposes the motion (Doc. No. 61) and Defendant filed a reply (Doc. No. 64).

On November 10, 2008, Magistrate Judge Cathy Ann Bencivengo issued a Report and Recommendation ("R&R," Doc. No. 65) recommending this court grant Defendants' motion and dismiss all claims with prejudice and without leave to amend. (R&R at 10.) Plaintiff filed objections to the R&R on January 7, 2009. (Doc. No. 68.)

For the reasons set forth below, the court hereby **ADOPTS** the R&R **AS MODIFIED** herein.

**I.  BACKGROUND**

Plaintiff's § 1983 action arises out of events that occurred during his incarceration at Calipatria.[1] On February 22, 2004 and May 5, 2004, Plaintiff submitted two Inmate Appeals regarding prison law library access and missing books. (SAC at ¶ 8.) Defendant Stone, an administrator of the law library, urged Plaintiff to withdraw the complaints which he refused to do. (SAC at ¶ 8.) Plaintiff's Claims One-Four allege Defendant violated his First Amendment rights by retaliating against him for the administrative complaints. The alleged retaliation took place on June 23, 2004 and July 13, 2004 when she ordered him to remove legal materials of inmates Martinez and McKnight (Claim One), and when she denied him access to the Calipatria's library on May 3, 2005 (Claim Two), May 11, 2005 (Claim Three), and July 20, 2005 (Claim Four). In Claim Five, Plaintiff alleges Defendant violated his Fourteenth Amendment right of access to the courts by denying him entry to the law library on May 3, 2005, May 11, 2005, and July 20, 2005. Plaintiff seeks compensatory and punitive damages.

The R&R recommends the court grant the motion to dismiss with prejudice. Specifically, the R&R concludes: (1) Claims One and Four fail to state a First Amendment retaliation claim; (2) Claims Two and Three are waived by Plaintiff for failure to re-allege them in his SAC; and (3) Claim Five fails to state a Fourteenth Amendment claim for denial of access to the courts.

The R&R provides a thorough and clear statement of the facts (see R&R at 2-3) and the court hereby incorporates that statement by reference in this order.

Plaintiff objects to the R&R's recommendations. He generally does not, however, seek to distinguish the authorities cited in the R&R or otherwise inform the court of a reasoned basis to decline to adopt the R&R. To the extent Plaintiff repeats his earlier arguments, the court need not review them again. To the extent he raises new objections, they are addressed in the following discussion.

//

//

---

[1] For reasons of clarity, the court refers to the claims as numbered in Plaintiff's First Amended Complaint rather than the SAC. (Doc. No. 35.)

**II. DISCUSSION**

**A. Legal Standards**

The court reviews a magistrate judge's R&R according to the standards set forth in Federal Rules of Civil Procedure ("FRCP") Rule 72(b) and 28 U.S.C. § 636. The court "shall make a *de novo* determination of those portions of the report . . . to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); U.S. v. Raddatz, 447 U.S. 667, 673-74 (1980).

//

**B. Analysis**

Having considered the R&R, the objections, and the applicable authorities, the court hereby adopts the R&R's analysis and recommendations with the following modifications.

//

*1. Claim One*

Plaintiff alleges he was subjected to First Amendment retaliation by Defendant on June 23, 2004 and July 13, 2004 when he was ordered to remove legal materials of two other inmates. The R&R recommends dismissing this claim with prejudice and without leave to amend as Plaintiff has failed to satisfy the pleading requirements. In particular, the R&R points out Plaintiff has not adequately pled: a) he was subject to an adverse action; b) the adverse action had a "chilling effect" on Plaintiff's exercise of his First Amendment rights; or c) a lack of a legitimate correctional interest to support Defendant's conduct. (R&R at 5-6.)

Plaintiff alleges he was subjected to "adverse action" when he was restricted in his ability to assist other inmates with their legal work. Plaintiff accurately notes "assisting in litigation to vindicate civil rights" is protected speech under the First Amendment in this Circuit. See Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985). However, a restriction of these rights does not automatically qualify as an "adverse action" sufficient to support a constitutional claim. Plaintiff must allege either the conduct had a "chilling effect" on the exercise of his First Amendment rights or that it caused Plaintiff a "harm more than minimal." Rhodes v. Robinson, 408 F.3d 559, 567 n. 11 (9th Cir. 2005); Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000). As thoroughly presented in the R&R, Plaintiff has not

1  demonstrated he suffered any "harm more than minimal" from the restriction on his ability to assist
2  other inmates.  In addition, any "chilling effect" would be measured relative to the conduct retaliated
3  against and thus, any effect on Plaintiff's exercise of wholly different First Amendment rights is
4  irrelevant.

5  More on point, Plaintiff argues he was "chilled" from filing further grievances against
6  Defendant. (SAC at ¶ 26.)  However, as the R&R points out, the facts militate against finding these
7  two incidents would "chill one of ordinary firmness" from continued participation in the inmate
8  grievance process.  Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006); White v. Lee,
9  227 F.3d 1214, 1228 (9th Cir. 2000).  In fact, Plaintiff filed inmate appeals against Defendant
10 immediately following each incident. (SAC at ¶ 9-10.)  A closer reading of Plaintiff's allegations
11 indicates he may have been "chilled" from submitting further inmate grievances not by the June 23
12 and July 13, 2004 incidents, but rather by Defendant's *subsequent* continued harassment.  (SAC at ¶
13 26.)  This vague suggestion of later conduct, alleged for the first time in his SAC, does not adequately
14 support a First Amendment retaliation claim.

15 Although the R&R concludes Plaintiff failed to sufficiently allege a lack of legitimate
16 correctional interest to support Defendant's conduct, Plaintiff faces a low pleading burden as to this
17 element on a motion to dismiss.  See Rizzo, 778 F.2d at 532.  Plaintiff charges that "Defendant Stone's
18 actions were arbitrary and capricious" and there were no other alternative mechanisms available for
19 him to assist Martinez and McKnight. (SAC at ¶ 22, 29.)  Taking Plaintiff's allegations as true for the
20 purposes of this motion, Plaintiff has adequately pled this element.

21 Even so, for the reasons stated above, Defendant's motion to dismiss is **GRANTED** and
22 Plaintiff's retaliation claim as to the June 23, 2004 and July 13, 2004 incidents is **DISMISSED** with
23 prejudice and without leave to amend.
24 //
25 *2.  Claims Two and Three*
26 Upon review of Plaintiff's First Amended Complaint ("FAC") and Defendant's prior motion
27 to dismiss, the court found Claims Two and Three stated viable retaliation claims. (Doc. No. 56.)
28 Despite Plaintiff's failure to re-allege these claims in the SAC, Defendant expressly declined to move

1 to dismiss Claims Two and Three as "they have already been found to state a claim, and Plaintiff has
2 not added material allegations that significantly alter them." (Mot. at 1.) The R&R recommends
3 treating Plaintiff's failure to re-allege these claims in his SAC as a waiver. (R&R at 3.) In his
4 objection, Plaintiff notes he interpreted the court's leave to amend instructions to mean he should not
5 include these claims in his SAC, and argues he did reference the incidents in his SAC. (Doc. No. 68
6 at 1-2; see Doc. No. 59 at ¶ 12-13.) Given Defendant's position, the court's obligation to construe the
7 pleadings of a pro se civil rights litigant liberally, and in the interests of determining the action on its
8 merits, the court declines to treat the claims as waived. Claims Two and Three remain as alleged in
9 the FAC.
10 //

   *3. Claim Four*

12 In Claim Four, Plaintiff argues Defendant retaliated against him by denying him access to the
13 law library on July 20, 2005. (SAC at ¶ 14, 30-36.) As in Claims Two and Three, Plaintiff requested
14 a ducat to the law library for personal use but did not receive one. (SAC at ¶ 14.) In this case,
15 however, Plaintiff received a work ducat instead.[2]

16 The remainder of Plaintiff's allegations and the R&R analysis focus on the propriety of
17 Defendant turning Plaintiff away from the library when he presented the mistakenly-issued work
18 ducat. Regardless of whether those events substantiate his retaliation claim, the fact Plaintiff did not
19 receive a personal ducat from Defendant as requested places Claim Four on par with Claims Two and
20 Three. As noted above, Claims Two and Three were found by the court to state a claim. By
21 presenting similar facts, Plaintiff has stated a claim for relief. Defendant's motion to dismiss as to
22 Claim Four is **DENIED**.[3]

23 //
24 //

---

[2] Although Plaintiff does not allege expressly that he requested the personal ducat from Defendant, he did so on the two prior occasions. It would appear from the circumstances that Defendant was involved with the ducat issuance process for July 20, 2005 as well.

[3] In addition, the court notes Plaintiff alleged facts which tend to show Defendant's conduct was arbitrary and capricious and that she had the authority to add prisoner names to the ducat list on the spot. (See SAC at ¶ 32-33.)

### *4. Claim Five*

Plaintiff's fifth claim alleges denial of his Fourteenth Amendment right of access to the courts. The R&R recommends the court dismiss this claim because "the alleged denial of access to the law library on May 3, 2005, May 11, 2005, and July 20, 2005, did not deprive Plaintiff of his ability to initiate legal action." (R&R at 10.)

In his objections, Plaintiff argues the R&R interprets too narrowly the law regarding denial of access to the courts. (Pl.'s Objections at 7-8.) To a certain extent, Plaintiff is correct; the filing or initiation of a habeas petition or civil rights complaint does not end the government's obligations with regard to access to the courts. To show constitutional injury, the inmate must demonstrate official acts or omissions "hindered his efforts to *pursue* a [nonfrivolous] legal claim" and caused "actual prejudice with respect to contemplated *or existing* litigation." Lewis v. Casey, 518 U.S. 343, 353, 358 (emphasis added). Nevertheless, Claim Five fails for at least two other reasons.

First, Plaintiff's state tort law case, *Janoe v. Cebreros*, et al., L-01506, is neither a habeas petition nor a civil rights matter and thus cannot support a *constitutional* claim for denial of court access. See Lewis, 518 U.S. at 356. (R&R at 10.) Second, although Janoe v. Garcia, Case No. 04-cv-1421, was a § 1983 civil rights action, Plaintiff fails to show any official conduct caused him to lose his legal claim or otherwise suffer any "actual prejudice" in the litigation. Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007). He alleges only that he was limited in his ability to respond to the defendants' ex parte request for an extension of time to respond to the complaint. (SAC at ¶ 42.) Plaintiff's supposed inability to submit well-researched documents in such a non-dispositive matter do not amount to prejudice.

Therefore, for the reasons stated above, Defendant's motion to dismiss is **GRANTED** and Plaintiff's Fourteenth Amendment claim as to the May 3, 2005, May 11, 2005, and July 20, 2005 incidents is **DISMISSED** with prejudice and without leave to amend.

//
//
//
//

### III. CONCLUSION

Based on the foregoing, the court **ADOPTS** the R&R's analysis and recommendations **AS MODIFIED** herein. In sum, Defendant's motion to dismiss the SAC is hereby **GRANTED**, **WITH PREJUDICE** and **WITHOUT** leave to amend, as to Plaintiff's Claim One and Claim Five and is **DENIED** as to Plaintiff's Claim Four.

With this disposition, Defendant shall file and serve a responsive pleading to Plaintiff's Claims Two, Three, and Four within ten days of entry of this order. FRCP 12(a)(4)(A).

**IT IS SO ORDERED.**

DATED: February 9, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties