UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY SHAWN JANOE,<br><br>                 Plaintiff,<br><br>v.<br><br>DEE STONE, et al.,<br><br>                 Defendants. | Civil No. 06-1511-JM(WVG)<br><br>ORDER DENYING PLAINTIFF'S<br>EX PARTE APPLICATION FOR COURT<br>ORDER TO PRODUCE MISSING PAGES<br>FROM DEPOSITION (DOC. # 91)<br><br>ORDER GRANTING PLAINTIFF'S<br>EX PARTE APPLICATION FOR<br>CONTINUANCE OF TIME TO FILE<br>OPPOSITION TO DEFENDANTS'<br>MOTION FOR SUMMARY JUDGMENT<br>(DOC. # 92)<br><br>ORDER VACATING PRETRIAL DATES |

On December 23, 2009, Plaintiff Bobby Shawn Janoe (hereafter "Plaintiff") filed an Ex Parte Application For Court Order To Produce Missing Pages From Deposition (hereafter "Motion Regarding Deposition"). On January 5, 2010, Defendants filed an Opposition to the Motion Regarding Deposition.

On January 4, 2010, Plaintiff also filed an Ex Parte Application For Continuance of Time To File Opposition Brief To Defendants' Motion For Summary Judgment. Defendants do not oppose the Motion.

06CV1511

1    The Court, having reviewed Plaintiff's Ex Parte Applications,

2  Defendants' Opposition to the Motion Regarding Deposition, and GOOD

3  CAUSE APPEARING, HEREBY ORDERS:

4  <u>Motion Regarding Deposition</u>

5    Plaintiff states that included with Defendants' Motion for

6  Summary Judgment (filed on December 9, 2009), are selected pages of

7  his deposition.  He contends that Defendants should provide him with

8  copies of the "missing pages" of the deposition which Defendants did

9  not provide to the Court or to him.[1] Plaintiff believes that he

10  needs the "missing pages" of his deposition in order to oppose

11  Defendants' Motion for Summary Judgment.

12    Defendants argue that they are not obligated to send copies

13  of the "missing pages" of Plaintiff's deposition to Plaintiff.

14  Defendants assert that if Plaintiff wants copies of the "missing

15  pages," he can contact the court reporter who recorded the deposi-

16  tion and purchase from the court reporter his entire deposition

17  and/or the pages of the deposition that he seeks.

18    Fed. R. Civ. P. 32(a)(6) states:

19    Using Part of Deposition. If a party offers in evi-
      dence only part of a deposition, an adverse party may
20    require the offeror to introduce other parts that in
      fairness should be considered with the part intro-
21    duced, and any party may itself, introduce any other
      parts.

22

23    Plaintiff bears the burden of demonstrating to the Court why

24  he needs the missing pages of his deposition. <u>See</u> fn.1  Here,

25  Plaintiff fails to show why "in fairness (the 'missing pages' of his

26  deposition) should be considered with the part (of his deposition)

27

28

[1]    Specifically, Plaintiff references pages 5-40, 43-60, 64-78, 82, 87
       and 94-95 of his deposition as the "missing pages."

1   introduced" by Defendants in the Motion for Summary Judgment. Fed.

2   R. Civ. P. 32(a)(6).

3         As a result, Plaintiff's Motion Regarding Deposition is

4   DENIED without prejudice.

5   Ex Parte Application For Continuance Of Time To File Opposition To Defendants' Motion for Summary Judgment

6         Plaintiff argues that he needs additional time to file an

7   opposition to Defendants' Motion for Summary Judgment because he is

8   waiting for copies of pages of his deposition as noted above, and

9   that he has been unable to research relevant case law cited in

10  Defendants' Motion for Summary Judgment. Defendants do not oppose

11  Plaintiff's request for extension of time to file an opposition to

12  their Motion for Summary Judgment.  Defendants' counsel has informed

13  the Court that he has provided Plaintiff with the case law that

14  Plaintiff has been unable to research.

15        Since the date Plaintiff was required to file an opposition

16  to Defendants' Motion for Summary Judgment passed while the motions

17  discussed in this Order were pending, the Court ORDERS:

18        1. The date by which Plaintiff shall file an Opposition to

19  Defendants' Motion for Summary Judgment is extended to February 19,

20  2010.[2/]

21        2.  The date by which Defendants shall file a Reply to

22  Plaintiff's Opposition is extended to March 1, 2010.

23        3. The hearing on Defendants' Motion for Summary Judgment,

24

_____

25  [2/]    If Plaintiff is unable to make the requisite showing that the
        omitted portions of his deposition should "in fairness," be
26      considered with those portions of his deposition already provided to
        the Court, he should make the necessary arrangements to obtain his
27      deposition (or portions thereof) from the court reporter who
        recorded the deposition. If Plaintiff chooses to make the
        arrangements noted above, he shall do so sufficiently in advance of
28      February 19, 2010 so as to allow him to file a timely opposition to
        Defendant's Motion for Summary Judgment.  Requests for further delay
        will not be favorably considered.

1    set for <u>January 26, 2010</u>, is VACATED.

2        4.   All other dates noted in the Case Management Order, dated

3    March 24, 2009, including the Pretrial Conference and Trial dates,

4    are VACATED.

5

6    DATED:   January 19, 2010

7

8                          Hon. William V. Gallo

9                          U.S. Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

06CV1511