UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY SHAWN JANOE,<br><br>          Plaintiff,<br><br>     vs.<br><br>DEE STONE, et al.,<br><br>          Defendants. | Case No.:  06-CV-1511-JM<br><br>**ORDER DENYING MOTION TO RETAX COSTS**<br><br>Docket No. 189 |

1

## I. BACKGROUND

Plaintiff Bobby Shawn Janoe, a prisoner in Calipatria State Prison, filed a civil rights complaint under 42 U.S.C. §1983 against Defendant Dee Stone and other employees of the prison. The complaint was based on Defendant Stone's alleged retaliation against Plaintiff for filing grievances about the prison's library. On February, 10, 2011, this court granted Defendant's motion for summary judgment on all but one claim. The remaining claim was based on Defendant's denial of Plaintiff's application for a ducat to use the prison's law library on May 3, 2005. That claim went to trial, and on July 26, 2011, the jury returned a verdict in favor of Defendant.

Several days later, Defendant submitted a bill of costs for $1,960.67. On September 16, 2011, the Clerk of Court issued an Order Taxing Costs in the amount of $1,637.76. Of that amount, $960.25 was for court reporter fees and $677.51 was for witness fees.

The Clerk denied several of Plaintiff's objections to the Bill of Costs, but granted two objections. First, Plaintiff objected to provision of costs for a deposition, citing Local Rule 30.1. The Clerk denied that objection, relying on Local Rule 54.1(b)(3)(a), which allows taxation of costs for "an original and one copy of any deposition." Second, the Clerk rejected Plaintiff's objections to costs associated with witness Jeffrey Schaller, referring to Local Rule 54.1(b)(4). Third, Plaintiff's objections to costs associated with witness Maria Davidosky were granted in part, reducing her fees by $223.01 under Local Rule 54.1(b)(4) because the witness' "name must appear on receipts submitted for reimbursement." Finally, the Clerk granted Plaintiff's objection to the $99.90 allocated for witness Dee Stone (the Defendant) based on Local Rule 54.1(b)(4)(b), because the witness was not called by Plaintiff.

On October 31, Plaintiff filed a motion for retaxation of costs that was opposed by Defendant. In his motion to retax, Plaintiff does not respond to the Clerk's denial of his objections to the specific amounts taxed. Instead, he argues that taxation of costs in prisoner

civil rights cases will place an unfair burden on him and other similarly situated prisoners, essentially creating a chilling effect. He also provides further argument concerning the merits of his retaliation claims. Finally, he argues that the district court has discretion in this area, and that his indigence should prevent the court from forcing him to pay costs.

Defendant responds by citing to the costs provision of the Prison Litigation Reform Act ("PLRA"), which she argues "makes no exception for indigent prisoners." She asserts that the purpose behind the PLRA was to curtail frivolous lawsuits by prisoners, and that Plaintiff is a frequent litigant who should not subject the taxpayers to the costs of his lawsuits.

## II. LEGAL STANDARD AND DISCUSSION

**A. Payment of Costs Under the PLRA**

Title 28, section 1915 of the U.S. Code addresses proceedings in forma pauperis. Under 28 U.S.C. §1915(f)(1), "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other proceedings . . . ." Next, §1915(f)(2)(A) states that "[i]f the judgment against a prisoner includes the payment of costs under this subsection, the prisoner shall be required to pay the full amount of the costs ordered."[1] Defendant cites this section, but does not provide any authority implementing the law, only citing a case to support her contention that the PLRA was intended to curtail prisoner lawsuits. Madrid v. Gomez, 190 F.3d 990, 996 (9th Cir. 1999). It does not appear that the Ninth Circuit has addressed §1915(f) in a published decision, but various sources confirm that the statute requires prisoners to pay any costs that are assessed even when the prisoner proceeds in forma pauperis. See, e.g., Skinner v. Switzer, 562 U.S. __, 131 S.Ct. 1289, 1299 (2011) (listing constraints Congress has placed on prisoner suits, including "adding

---

[1] Subsection (f)(2)(B) provides that to pay the costs, "the prisoner shall be required to make payments for costs under this subsection in the same manner as is provided for filing fees under subsection (a)(2)." 28 U.S.C. §1915(f)(2)(B). Courts have noted that the cross-reference in the statute is mistaken, because there is no payment provision in (a)(2); instead, the payment provision is in subsection (b)(2), which requires the prisoner to make incremental payments of 20 percent of each month's income. Talley-Bey v. Knebl, 168 F.3d 884 (6th Cir. 1999) ("The payment process is actually located in §1915(b)(2).").

28 U.S.C. §1915(f) to require prisoners to pay the full amount of any cost assessed against them out of their prison trust account"); Whitfield v. Scully, 241 F.3d 264 (2d Cir. 2001) (explaining that "the 1996 amendments to §1915 have undercut the ability of prisoners to appeal an award of costs on the ground of indigency"); Talley-Bey v. Knebl, 168 F.3d 884 (6th Cir. 1999) ("When judgment is entered against a prisoner and costs against the prisoner are assessed, §1915(f)(2)(A) now requires that the prisoner pay the costs . . . . The prisoner's ability to pay is no longer an issue."); 8 Fed. Proc., L. Ed. §20:93 (2011) ("In the case of a judgment against a prisoner, if the judgment includes the payment of costs, the prisoner will be required to pay the full amount of the costs ordered by making payments in the same manner as is provided for filing fees.").

**B. The Court's Decision to Assess Costs**

Once costs are awarded, a prisoner cannot avoid responsibility based on indigence. According to unpublished cases from this circuit and persuasive precedent from other circuits, the trial court may still exercise its discretion concerning whether to award costs in the first place, given the permissive language of §1915(f)(1): "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other proceedings." (emphasis added). See, e.g., Lampkins v. Thompson, 337 F.3d 1009, 1017 (8th Cir. 2003) (noting that indigent prisoners are not immune from costs because of §1915(f)(2), but that the district court "properly considered [plaintiff's] indigency and incarceration before assessing costs"); Singleton v. Smith, 241 F.3d 534, 539 (6th Cir. 2001) (upholding constitutionality of §1915(f)(2)(A) in part because district courts still may deny or reduce costs in their discretion if case is particularly strong); Player v. Salas, 2007 WL 4250015 at *2 (S.D. Cal. 2007) (unpublished decision) (considering prisoner's indigence claim despite applicability of §1915, but deciding that the statute's piecemeal payment plan alleviates concern that prisoner would be unable to purchase hygiene items). However, Plaintiff provides no compelling reason the court should refuse to award costs here.

Under Fed R. Civ. P. 54(d), there is a presumption in favor of awarding costs to prevailing parties, and the losing party must show why costs should not be awarded even in a civil rights case. Save Our Valley v. Sound Transit, 335 F.3d 932, 944-45 (9th Cir. 2003). The court has fairly wide discretion in selecting the reasons it may consider in awarding or denying costs. Assoc. of Mexican-American Educators v. State of California, 231 F.3d 572, 593 (9th Cir. 2000). Plaintiff cites Stanley v. University of Southern California, 178 F.3d 1069 (9th Cir. 1999), and other cases for the proposition that "[d]istrict courts should consider the financial resources of the plaintiff and the amount of costs in civil rights cases." Id. at 1079.

Plaintiff's arguments based on his indigence and the possible chilling effect of assessing costs in this case are insufficient to rebut the presumption in favor of awarding costs. Plaintiff states that he cannot secure a job at the prison, and that he needs to buy toothpaste and soap from the prison because the tooth powder and soap that are provided without cost exacerbate his medical conditions. The concern that Plaintiff will be unable to pay for these items based on the taxation of costs in this case is lessened by the existence of 28 U.S.C. §1915(b)(2), which provides that prisoners are to pay incrementally, making "monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." Further, Plaintiff has provided no compelling argument as to why imposition of a relatively low amount of costs here will significantly discourage prisoner litigation, especially given the payment scheme provided by the PLRA. See Singleton, 241 F.3d at 538 (noting that "lifting of the subsidy previously enjoyed by prisoner litigants does not deny them access to the courts, except that, like all poor persons, their access is restricted because they must weigh the risks and rewards of trying their claims in court.").

In determining whether to assess costs, district courts sometimes also consider whether the case addressed an issue of substantial public importance and whether the "issues in the case are close and difficult." Assoc. of Mexican-American Educators, 231 F.3d at 592. It is certainly

of great importance for courts to protect the constitutional rights of prisoners, including First Amendment rights. However, Plaintiff has made no showing that the issue of whether his denial of a ducat to the law library on a single day constituted a First Amendment violation (1) was an especially close or difficult issue,[2] or (2) was an issue of public importance great enough to rebut the presumption in favor of awarding costs.

### III.  CONCLUSION

There is a presumption in favor of awarding costs, but the court has discretion to consider reasons for denying the award. Here, Plaintiff is indigent, and there is some risk that assessing costs could place a burden on him and discourage other prisoners from filing civil rights lawsuits. However, given the payment scheme provided by the PLRA, the absence of a difficult, close, or constitutionally significant issue in this case, the number of cases Plaintiff has filed, and Congress' clear intent to curb prisoner litigation, Plaintiff's motion is denied.

**IT IS SO ORDERED.**

DATED: January 9, 2012

_Jeffrey T. Miller_
Jeffrey T. Miller
United States District Judge

---

[2] Only one of Plaintiff's claims made it to trial, and on that issue the court noted that "Plaintiff has narrowly succeeded in pleading and providing evidence in support" of his claim. Order Adopting in Part and Modifying in Part R & R of U.S. Mag. J. at 9-10.